E-FILED
Wednesday, 28 February, 2018  09:43:38 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| NICOLE PEPPERS, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Colin Stirling Bruce |
| | ) | |
| v. | ) | Case No.: 2:17-cv-02190-CSB-EIL |
| | ) | |
| CREDIT ONE BANK, N.A, | ) | Magistrate Judge Eric I. Long |
| | ) | |
| Defendant. | ) | |

## THIRD PARTY COMPLAINT

Defendant, Credit One Bank, N.A. ("Credit One"), through undersigned counsel hereby files this Third-Party Complaint against Monteco Clayton ("Clayton"), and states:

## INTRODUCTION

1.     This action arises out of Clayton's provision of false information to Credit One.

2.     On or about November 21, 2016, Clayton applied for a credit card with Credit One.  As part of the credit application process, Clayton expressly authorized Credit One to contact him at any phone number, including cellular phones, he provided to Credit One or that Credit One obtained through other means.  Clayton further authorized Credit One to call him at any phone number he may use to contact Credit One.

3.     On or about December 6, 2016, Clayton activated the credit card by telephone via Credit One's interactive voice response system ("IVR") system.  The telephone number used to dial into the IVR system was (217) 819-0652.

4.     On December 14, 2016, Nicole Peppers ("Peppers" or "plaintiff") made an

1

inbound call to Credit One from (217) 819-0652, during which she confirmed that she was calling on behalf of Clayton, confirmed that she had personally sent a money order to Credit One for the debt, confirmed that she had personally accessed Clayton's online account, and confirmed that she "went ahead and paid it early for [Clayton]", and provided the reference number for the money order.

5.     When Clayton defaulted on his credit card payments, Credit One initiated phone calls to him at the number Clayton used to contact Credit One and confirmed was his number through an account verification process.  However, Clayton did not answer calls directed to that phone number.  Rather, an unidentified woman, believed to be plaintiff, answered some of the calls and informed Credit One on at least one occasion that Clayton was not available and provided a later time Clayton would be available. Credit One continued to call that number to reach Clayton based on the responses from plaintiff.

6.     Additionally, during calls on February 9, 2017 and February 10, 2017 placed to the number at issue, an unidentified woman, believed to be plaintiff, indicated that she was in fact Clayton's spouse.

7.     Plaintiff has filed a lawsuit against Credit One for allegedly violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, as a result of Credit One's calls to her cellular telephone (the "0652 number").

8.     Clayton's actions subject him to liability for negligent misrepresentation. Further, pursuant to his agreement with Credit One, Clayton has agreed to indemnify Credit One for any costs associated with plaintiff's suit against Credit One.

9.     Accordingly, Credit One seeks damages suffered and indemnification for any costs and expenses, including attorney's fees incurred as a result of Clayton's provision of false information.

## PARTIES

10.     Upon information and belief, Clayton is a natural person residing in the Central District of Illinois, and is plaintiff's boyfriend or husband.

11.     Credit One is a national association and has a principal place of business at 6801 S. Cimarron Rd., Las Vegas, Nevada 89113.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction under 28 U.S.C. § 1332 because the parties' citizenship is diverse and the amount in controversy exceeds $75,000.

13.     Venue is proper in this Court because a substantial part of the events giving rise to this claim occurred in this district.

## STATEMENT OF FACTS

14.     On or about November 11, 2016, Credit One mailed a written solicitation to Clayton reflecting that he was pre-approved for a Platinum Visa with a credit line of $300.  The solicitation allowed Clayton to accept the terms of the agreement by either returning the acceptance certificate, by telephone, or online.  *See* Solicitation attached as **Exhibit A**.

15.     The Solicitation stated in unequivocal terms that by applying for the credit card, Clayton authorized Credit One or its agents to contact him at any phone number he provided at any time (including phone numbers he used to contact Credit One) or

obtained by Credit One through other means (including cellular telephones via a live operator, an autodialer, or a prerecorded message).

16.     The Solicitation further stated that Clayton agreed indemnify Credit One in certain circumstances, and agreed to be bound by the terms of Credit One's Visa/Mastercard Cardholder Agreement, Disclosure Statement and Arbitration Agreement (the Cardholder Agreement).

17.     The Solicitation stated as follows:

> **COMMUNICATIONS: 1)** You are providing express written permission and consent authorizing us or our agents to contact you at any phone number (including mobile, cellular, wireless, or similar devices) or email address you provide at any time, for any lawful purpose. The ways in which we may contact you include live operator, automatic telephone dialing systems (auto-dialer), prerecorded message, text/SMS message or email. Phone numbers and email addresses you provide include those you give to us, those from which you contact us, or which we obtain through other means. Such lawful purposes include, but are not limited to: obtaining information; activation of the card for verification and identification purposes; account transaction or servicing related matters; suspected fraud or identity theft; collection on the Account; and providing information about special products and services. You understand that the Bank will not be responsible for any charges you incur for communications to any such numbers. **2) Indemnification:** If you provide phone number(s) for which you are not the subscriber, you understand that you shall indemnify us for any costs and expenses, including reasonable attorneys' fees, incurred as a result of us contacting or attempting to contact you at the number(s). **3) Revocation:** If you do not want to receive communications as described above, you must provide us with written notice revoking your prior consent. Complete details will be in the Agreement sent with your card.

Ex. A, at pp. 4-5.

18.     On November 21, 2016, Clayton applied for a Credit One credit card.   As part of the application process, Clayton provided personal identification information,

4

2:17-cv-02190-CSB-EIL  # 20   Page 5 of 10

including his name, his address, and his telephone number.  *See* Application attached as **Exhibit B**.

19.     Clayton was approved for credit and received the credit card and the Cardholder Agreement from Credit One in the same envelope.  *See* Cardholder Agreement attached as **Exhibit C**.

20.     The Cardholder Agreement stated as follows:

> **COMMUNICATIONS: (a)** You are providing express written permission and consent authorizing Credit One Bank or its agents to contact you at any phone number (including mobile, cellular/wireless, or similar devices) or email address you provide at any time, for any lawful purpose. The ways in which we may contact you include live operator, automatic telephone dialing systems (auto-dialer), prerecorded message, text/SMS message or email. Phone numbers and email addresses you provide include those you give to us, those from which you contact us or which we obtain through other means. Such lawful purposes include, but are not limited to: obtaining information; activation of the card for verification and identification purposes; account transactions or servicing related matters; suspected fraud or identity theft; collection on the Account; and providing information about special products and services. You agree to pay any fee(s) or charge(s) that you may incur for incoming communications from us or outgoing communications to us, to or from any such number or email address, without reimbursement from us.

Ex. C, at p. 4 ¶ 19.

21.     The Cardholder Agreement further states as follows:

> **(b) INDEMNIFICATION:** If you provide telephone number(s) for which you are not the subscriber, you understand that you shall indemnify us for any costs and expenses, including reasonable attorneys' fees, incurred as a result of us contacting or attempting to contact you at the number(s).

*Id.*

22.     On December 6, 2016, Credit One received an inbound call from Clayton from the 0652 number with respect to his credit card account.

23.     During the call, Clayton completed an account verification process requiring him to confirm his identity and account by entering the full sixteen digits of his credit card number, as well as the last four digits of his social security number.

24.     Per the terms of the Cardholder Agreement attached as Exhibit C, once the cardholder's identity is confirmed, Credit One will begin calling that number, as necessary, to reach the cardholder.

25.     Relying on the permission from Clayton, Credit One began placing calls to the 0652 number in an attempt to reach Clayton about his past-due account.

26.     Per the terms of the Cardholder Agreement, by using the 0652 number to place a call to Credit One and verify his identity, Clayton represented he could lawfully be called at the 0652 number to discuss his account, including for the purpose of collecting any unpaid balance on his account.

27.     Clayton knew the manner in which the 0652 number would be used, and knew or reasonably should have known Credit One would place calls to the 0652 number following the inbound call on December 6, 2016.

28.     Credit One reasonably relied upon Clayton representation that the 0652 number was his telephone number, and he consented to be called at that number.

29.     Plaintiff claims Credit One violated the TCPA by calling her cell phone without prior express consent.

30.     Credit One denies liability to plaintiff.

31.     Credit One would not have initiated any calls to the 0652 number but for Clayton having provided the phone number to Credit One during the inbound call on

December 6, 2016.

32.     In the Cardholder Agreement attached as Exhibit C, Clayton agreed "[i]f [he] provide[d] telephone number(s) for which [he was] not the subscriber, [he] underst[oo]d that [he] shall indemnify [Credit One] for any costs and expenses, including reasonable attorneys' fees, incurred as a result of [Credit One] contacting or attempting to contact [him] at the number(s)."  Ex. C, at p. 4 ¶ 19.

33.     Thus, to the extent plaintiff seeks to hold Credit One liable under the TCPA, Credit One seeks to hold Clayton responsible for the damages Credit One has incurred and will incur as a result of its reasonable reliance upon Clayton's false representations, including all attorney's fees and costs incurred by Credit One in defending plaintiff's claims.

34.     All conditions precedent to bringing this action have been satisfied or waived.

## COUNT I: NEGLIGENT MISREPRESENTATION

35.     Credit One incorporates the foregoing as if fully stated herein.

36.     Clayton represented the 0652 number belonged to him and that he could lawfully be contacted at that number regarding his financial obligation to Credit One.

37.     If plaintiff's allegation that the 0652 number belongs to her is true, and her allegation that the subject calls were made without consent is true, Clayton's representation was false.

38.     Clayton knew, or should have known, his representation was false.

39.     Clayton knew, or should have known, his representation would induce

Credit One to call him at the 0652 number when he failed to pay the balance on his account owed to Credit One.

40.     Credit One has been harmed and suffered economic injury proximately resulting from its reasonable and justifiable reliance upon Clayton's representations in that it has been subjected to suit, incurred legal expenses and costs associated with the defense of the suit, injury to its reputation, financial loss relating to Clayton's unpaid account, and faces the prospect of additional damages should plaintiff succeed in her action against Credit One.

## COUNT II: CONTRACTUAL INDEMNIFICATION

41.     Credit One reincorporates the foregoing as if fully stated herein.

42.     Clayton represented the 0652 number belonged to him and that he could lawfully be contacted at that number regarding his financial obligation to Credit One.

43.     Per the terms of the Cardholder Agreement, Clayton agreed "[i]f [he] provide[d] telephone number(s) for which [he was] not the subscriber, [he] underst[oo]d that [he] shall indemnify [Credit One] for any costs and expenses, including reasonable attorneys' fees, incurred as a result of [Credit One] contacting or attempting to contact [him] at the number(s)." Ex. C, at p. 4 ¶ 19.

44.     Plaintiff filed a complaint against Credit One on August 23, 2017 alleging statutory damages. *See* Complaint attached as **Exhibit D**. Said complaint, for purposes of its allegations, is incorporated by reference as if fully stated herein. Plaintiff bases her lawsuit against Credit One on phone calls made to the 0652 number.

45.     This phone number was only called as a result of Clayton's default under

the terms of the Cardholder Agreement by failing to make required payments on his credit card account.

46.   The calls at issue in plaintiff's complaint were placed because Clayton falsely provided the 0652 number to Credit One on December 6, 2016 and then defaulted on the Cardholder Agreement.  As a result, all attorneys' fees and costs incurred in defending against plaintiff's suit are fees incurred as a result of Clayton's knowing provision of false information to Credit One and subsequent account default.

47.   Credit One is incurring attorneys' fees, court costs, and other costs in connection with defending plaintiff's claims, the exact amount of which is unknown at this time.

48.   Plaintiff's suit against Credit One, and Credit One's resulting damages, is the direct and proximate result of Clayton provision of the 0652 number to Credit One and Clayton's default on the Cardholder Agreement.

49.   Credit One is entitled to complete indemnification by Clayton for all costs of suit and attorneys' fees incurred in defending against plaintiff's action and for any sums for which it is found liable pursuant to the Cardholder Agreement.  *See* Ex. C, p. 4 at ¶ 19.

WHEREFORE, Credit One, N.A. requests the Court enter judgment in its favor, and against third party defendant Monteco Clayton, for damages incurred as a result of plaintiff's lawsuit, including the amount of any judgment entered in favor of plaintiff, as well as all of Credit One's attorney's fees and costs incurred in defending plaintiff's suit and in bringing this complaint, and any further relief this Court deems proper.

Dated: February 28, 2018

Respectfully submitted,

/s/ *Morgan I. Marcus*
Daniel W. Pisani
Morgan I. Marcus
Sessions, Fishman, Nathan & Israel, LLC
120 South LaSalle Street, Suite 1960
Chicago, Illinois 60603
Telephone: (312) 578-0990
E-mails: dpisani@sessions.legal
             mmarcus@sessions.legal

*Attorneys for Credit One Bank, N.A.*

## CERTIFICATE OF SERVICE

I certify that on this 28th day of February 2018, a copy of the foregoing was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiffs' counsel as described below.  Parties may access this filing through the Court's system.

*/s/ Morgan I. Marcus*