IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **NICOLE PEPPERS**,<br><br>　　　　　　　Plaintiff,<br><br>-against-<br><br><br><br>**CREDIT ONE BANK, N.A., GC SERVICES LIMITED PARTNERSHIP. and FIRST CONTACT, LLC a/k/a IQOR HOLDINGS, INC**,<br><br>　　　　　　　Defendants. | Civil Case No.:<br>2:17-cv-2190-CSB-EIL<br><br><u>**CIVIL ACTION**</u><br><br>**AMENDED COMPLAINT<br>and<br>JURY TRIAL DEMAND** |

   Plaintiff NICOLE PEPPERS ("<u>Plaintiff</u>"), by and through her undersigned attorneys, brings this Amended Complaint against the Defendants CREDIT ONE BANK, N.A., GC SERVICES LIMITED PARTNERSHIP and FIRST CONTACT, LLC a/k/a IQOR HOLDINGS, INC (hereinafter referred to as "<u>Defendant</u>"), and respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiffs brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47

---
**AMENDED COMPLAINT**
-1-

of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA). Plaintiff has received incessant unwanted calls from the Defendant and its third-party calling vendors, and seeks damages as a result of those calls.

2. The Plaintiff previously named Credit One Bank, N.A. as the Defendant in this action, as the incessant callers would always identify themselves as calling from Credit One Bank. In discovery, Plaintiff has learned that Credit One Bank contracted with GC Services Limited Partnership and First Contact, LLC a/k/a iQor Holdings, Inc to actually make these calls. Plaintiff now amends her Complaint to name these entities, who contracted to place, and in fact placed, the actual unwanted calls to her cellular phone.

3. The TCPA prohibits auto-dialed calls which are placed to a called party's cellular phone without that party's consent. Senator Hollings, the TCPA's sponsor, described these auto-dialed calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), *citing,* 137 Cong. Rec. 30,821 (1991).

4. In 1991, Congress responded to these abuses by passing the TCPA. In enacting the TCPA, Congress made findings that telemarketing had become "pervasive due to the increased use of cost-effective telemarketing techniques." *See,* PL 102-243, § 2(1). "Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Id. § 2(10). The TCPA's findings also reflect Congress's conclusion that "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the

privacy of individuals and permits legitimate telemarketing practices." Id. § 2(9). Consumers who receive these unauthorized calls thus have suffered a distinct privacy-related interest, namely the "intentional intru[sion] . . . upon their solitude or seclusion of their private affairs or concerns." *Intrusion Upon Seclusion*, Restatement (Second) of Torts § 652B (1977).

## PARTIES

5. Plaintiff is a natural person who resides in Decatur, Illinois.
6. Defendant is a national banking association with its corporate headquarters located at 585 Pilot Road, Las Vegas, Nevada 89119.
7. Defendant GC Services Limited Partnership is a limited partnership with its principal place of business located at 6330 Gulfton, Houston, TX 77081.
8. Defendant First Contact, LLC is a limited liability company with its principal place of business located at 200 Central Ave, 7th Floor, St. Petersburg, Florida 33701, and is also known as iQor Holdings, Inc, which wholly owns First Contact, LLC.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this matter pursuant to 28 USC §1331.
10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS OF FACTS

11. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

12. On information and belief, on a date better known to the Defendant, Defendant Credit One Bank, N.A. began its campaign of communicating with the Plaintiff via the use of an automated telephone dialing system and prerecorded messages throughout the past four years by calling the Plaintiff's cellular telephone phone number of (217) 819-0652 on dozens of occasions.

13. Upon information and belief, Credit One Bank, N.A. also hired outside vendors, including Defendants GC Services, to place auto-dialed calls, on Credit One Bank's behalf and at Credit One Bank's behest, to the Plaintiff's cellular phone number of (217) 819-0652.

14. Upon information and belief, Credit One Bank, N.A. knew that GC Services, was utilizing prerecorded voice messages, as well as automated and predictive dialers that are encompassed within the scope of the TCPA, in contacting the Plaintiff's cellular phone, even before it directed that calls be placed to the Plaintiff's cellular phone.

15. Defendant Credit One Bank is therefore vicariously and directly liable for the calls made to the Plaintiff's cellular phone on Credit One Bank's behalf by GC Services.

16. Defendants' calls and prerecorded messages called and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii), as the Defendant lacked any prior express consent of the Plaintiff to receive such automated and pre-recorded voice messages on her cellular phone.

17. When the Plaintiff would answer the Defendant's calls, the Defendants' representatives would seek to collect on a credit card owed by the Plaintiff's boyfriend.

18. Plaintiff is the customary and sole user of the cellular phone number (217)

819-0652.

19. The Defendant called from numerous phone numbers, including but not limited to (843)619-4192.

20. Plaintiff confirmed that these phone numbers belong to Defendant by calling these numbers and being connected with an individual identifying himself as a Credit One Bank representative.

21. Defendant used an automated telephone dialing system to call the Plaintiff on her cell phone typically 5-6 times a day.

22. Defendant's use of an automated telephone dialing system was clearly indicated by (1) the usage and placement of prerecorded messages (2) the placement of several or more calls to the Plaintiff per day, (3) hold music playing when the Plaintiff would answer the phone, and (4) the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone.

23. The Plaintiff never gave the Defendant her prior, express permission to call her cell phone via the use of an automated telephone dialing system or prerecorded voice.

24. Plaintiff had no wish to be contacted on her cell phone via the use of an autodialer or prerecorded voice, and expressly directed Defendant to stop calling her cell phone number on numerous occasions.

25. By placing auto-dialed calls to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service.

26. Plaintiff suffered actual damages because the Defendant's calls to her cell phone deprived her of the use of her cellular phone during the times that the Defendant was calling her cellular phones, depleted battery life of the

cellular telephone, and by invading on the Plaintiff's right to privacy and seclusion, which was the very harm that Congress sought to prevent by enacting the TCPA.

27. The Defendant's repeated calls further caused the Plaintiff to be harassed, stressed, frustrated and annoyed. The Defendant's repeated calls interrupted the Plaintiff's day and wasted the Plaintiff's time spent answering and otherwise addressing these repeated phone calls.

28. Defendant's communication efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

29. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

## FIRST CAUSE OF ACTION

### (Violations Of The TCPA By Credit One Bank)

30. Plaintiff repeats and incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

31. Throughout the past four years, Credit One Bank, N.A. used an automated telephone dialing system – specifically, the Noble Systems Harmony 4.1 – and prerecorded voice messages to call the Plaintiff's cellular phone number (217) 819-0652.

32. Upon information and belief, Credit One Bank, N.A. also hired outside vendors, including – but not limited to - Defendant GC Services Limited Partnership, to place calls, on Credit One Bank's behalf and at Credit One Bank's behest, to the Plaintiff's cellular phone number (217) 819-0652.

33. Upon information and belief, Credit One Bank, N.A. knew that GC Services Limited Partnership, was utilizing prerecorded voice messages, as well as automated and predictive dialers that are encompassed within the scope of

the TCPA, in contacting the Plaintiff's cellular phone, even before it directed that calls be placed to the Plaintiff's cellular phone.

34. Upon information and belief, Credit One Bank, N.A. in fact sanctioned the use of prerecorded voice messages, as well as automated and predictive dialers that are encompassed within the scope of the TCPA - used by GC Services Limited Partnership - to contact the Plaintiff's cellular phone.

35. Defendant Credit One Bank is therefore vicariously and directly liable for the calls made to the Plaintiff's cellular phone on Credit One Bank's behalf by the dialer vendors it employed, including – but not limited to - GC Services Limited Partnership.

36. Defendant's calls and prerecorded messages called and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii), as the Defendant lacked any prior express consent of the Plaintiff to receive such automated and pre-recorded voice messages on her cellular phone.

37. As a result of Defendant's violations of 47 U.S.C. § 227(b) et seq. Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

38. The Defendant's violations of the TCPA were also willful, because Credit One knew that it was calling a cellular phone number for which it did not have consent for, and continued placing calls to that phone number anyway.

39. In fact, Defendant's own records reflect numerous notations, noting that the calls were being placed to someone other than the Plaintiff's boyfriend (Defendant's intended target), and calls placed after those notations were made.

40. As a result of Defendant's violations of 47 U.S.C. § 227(b) et seq. Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every

knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## SECOND CAUSE OF ACTION

**(Violations Of The TCPA By GC Services)**

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42. Defendant Credit One Bank contracted with GC Services to place numerous calls and prerecorded messages to the Plaintiff's cellular phone number (217) 819-0652.

43. Pursuant to its contract with Credit One Bank, Defendant GC Services began its campaign of communicating with the Plaintiff directly or via its subcontractor, using an automated telephone dialing system and prerecorded messages throughout the past four years, by calling the Plaintiff's cellular phone number (217) 819-0652 numerous times.

44. GC Services used the Unified Aspect 6.7 dialing system, a system that functions and operates as a predictive dialer, to place these calls to Plaintiff.

45. GC Services' use of an automated telephone dialing system was further clearly indicated by (1) the usage and placement of prerecorded messages (2) the placement of six or more calls to the Plaintiff per day, (3) hold music playing when the Plaintiff would answer the phone, and (4) the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone.

46. GC SERVICES called from numerous phone numbers, masquerading and identifying itself as Credit One Bank.

47. The Plaintiff never gave any of the Defendants her prior, express permission

to call her cell phone via the use of an automated telephone dialing system.

48. As the party responsible for actually dialing and placing a large number of the automated calls and pre-recorded voice messages placed to the Plaintiff in violation of the TCPA, Defendant GC SERVICES is liable to Plaintiff for any such calls it placed to Plaintiff.

49. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

50. Defendant's calls and prerecorded messages called and/or directed towards the Plaintiff were further in willful violation of the TCPA, because the Defendant knew or should have known that it was calling the wrong phone number when it placed calls to the Plaintiff's cellular phone number (217) 819-0652.

51. In fact, Defendant's own records reflect numerous notations, noting that the calls were being placed to someone other than the Plaintiff's boyfriend (Defendant's intended target), and calls placed after those notations were made.

52. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

53. As a result of Defendant's violations of 47 U.S.C. § 227(b) et seq. Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

54. As a result of Defendant's willful violations of 47 U.S.C. § 227(b) et seq. Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47

U.S.C. § 227(b)3.

## THIRD CAUSE OF ACTION

### (Violations Of The TCPA By First Contact)

1. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

2. Defendant Credit One Bank contracted with First Contact to place numerous calls and prerecorded messages to the Plaintiff's cellular phone number (217) 819-0652.

3. Pursuant to its contract with Credit One Bank, Defendant First Contact began its campaign of communicating with the Plaintiff directly or via its subcontractor, using an automated telephone dialing system and prerecorded messages throughout the past four years, by calling the Plaintiff's cellular phone number (217) 819-0652 numerous times.

4. First Contact used the LiveVox Automated Dialer, a system that functions and operates as a predictive dialer, to place these calls to Plaintiff.

5. First Contact's use of an automated telephone dialing system was further clearly indicated by (1) the usage and placement of prerecorded messages (2) the placement of six or more calls to the Plaintiff per day, (3) hold music playing when the Plaintiff would answer the phone, and (4) the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone.

6. First Contact called from numerous phone numbers, masquerading and identifying itself as Credit One Bank.

7. The Plaintiff never gave any of the Defendants her prior, express permission to call her cell phone via the use of an automated telephone dialing system.

8. As the party responsible for actually dialing and placing a large number of

the automated calls and pre-recorded voice messages placed to the Plaintiff in violation of the TCPA, Defendant First Contact is liable to Plaintiff for any such calls it placed to Plaintiff.

9. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

10. Defendant's calls and prerecorded messages called and/or directed towards the Plaintiff were further in willful violation of the TCPA, because the Defendant knew or should have known that it was calling the wrong phone number when it placed calls to the Plaintiff's cellular phone number (217) 819-0652.

11. In fact, Defendant's own records reflect numerous notations, noting that the calls were being placed to someone other than the Plaintiff's boyfriend (Defendant's intended target), and calls placed after those notations were made.

12. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

13. As a result of Defendant's violations of 47 U.S.C. § 227(b) et seq. Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

14. As a result of Defendant's willful violations of 47 U.S.C. § 227(b) et seq. Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

AMENDED COMPLAINT
-11-

## DEMAND FOR TRIAL BY JURY

15. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants as follows:

   A. For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all calls placed to the Plaintiff's cellular phone;

   B. Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiff per call, in accordance with the TCPA, for the Defendants' willful violations of the TCPA;

   C. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:     February 27, 2018

/s/ Yitzchak Zelman  
Yitzchak Zelman, Esq.,  
MARCUS & ZELMAN, LLC  
1500 Allaire Avenue, Suite 101  
Ocean, New Jersey 07712  
Phone:    (732) 695-3282  
Facsimile: (732) 298-6256  
Email: yzelman@marcuszelman.com  
Attorneys for Plaintiff

**AMENDED COMPLAINT**
-12-